## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FELICIA SIMON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-21-0286-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE: September 17, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Felicia Simon, Converse, Texas, pro se.

Casey W. Hinson, Esquire, Falls Church, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as prematurely filed. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND this appeal to the Dallas Regional Office for further adjudication.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

In a May 18, 2021 email, the appellant explicitly told the agency's equal employment opportunity (EEO) office that she wished to amend her existing complaint to include her May 12, 2021 removal. Initial Appeal File (IAF), Tab 5 at 27-31, Tab 18 at 7. By a letter dated May 25, 2021, the agency's EEO office accepted the appellant's amendment.[2] IAF, Tab 5 at 24. Subsequently, on May 31, 2021, the appellant filed the instant Board appeal challenging her removal, IAF, Tab 1, which the administrative judge dismissed as prematurely filed, IAF, Tab 19, Initial Decision (ID). When, as here, an employee has first timely filed a formal complaint of discrimination with the agency, an appeal to the Board may be filed within 30 days after the employee receives a final agency decision (FAD) on the discrimination issue. 5 C.F.R. § 1201.154(b)(1). Alternatively, if the agency has not resolved the employee's discrimination claim or issued its FAD within 120 days, an appellant may file an appeal with the Board anytime thereafter. 5 C.F.R. § 1201.154(b)(2). Therefore, because the appellant filed her Board appeal before either the issuance of the agency's FAD, or the passage of 120 days, the administrative judge correctly found that the appellant's Board appeal was premature. ID at 2-3; *see Miranne v. Department of the Navy,* 121 M.S.P.R. 235, ¶ 13 (2014) (explaining that an appellant who first filed a timely formal complaint of discrimination is precluded from filing a Board appeal challenging the same agency action prior to either the issuance of the agency's FAD or the passage of 120 days).

However, the Board's practice is to adjudicate an appeal that was premature when filed but ripens while pending before the Board. *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 6 (2016); *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 9 (2005). This instant appeal ripened on

---

[2] To the extent the appellant alleged that she did not intend to amend her EEO complaint, the appellant did not object to the agency's letter accepting the amendment of her complaint to include a removal claim, despite being afforded the opportunity to do so. IAF, Tab 5 at 24.

September 15, 2021, i.e., 120 days after the appellant's May 18, 2021 amendment of her EEO complaint. Therefore, because 120 days have passed, and there is no indication that the agency has issued the appellant a FAD,[3] the appeal is now ripe for adjudication. *See* 5 C.F.R. § 1201.154(b)(2). Thus, we find that it is appropriate to remand the case to the regional office.[4] *Kozak v. Department of Health & Human Services*, 90 M.S.P.R. 396, ¶¶ 7-8 (2001); *see Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 9 (2010) (remanding an individual right of action (IRA) appeal that, although premature when initially filed, ripened while pending before the Board).

Gina K. Grippando

FOR THE BOARD:                         _____
                                       Gina K. Grippando
                                       Clerk of the Board
Washington, D.C.

---

[3] The appellant indicated that her EEO complaint was still pending in her petition for review. PFR File, Tab 1 at 2.

[4] In her petition for review, the appellant argues the merits of her removal and provides a copy of a Department of Defense instruction, which she asserts is central to her appeal. PFR File, Tab 1 at 2-24. Because the instruction is not material to the timeliness issue before us, we decline to consider it further. On remand, the appellant may present any arguments and evidence relating to the merits of her appeal consistent with the administrative judge's instructions and the Board's regulations.